No. 9673.

Orleans Appeal.

---

## JAHNCKE SERVICE CO. v. LOPEZ & SCHAEFFER.

---

(October 20, 1924, Opinion and Decree.)

---

(Syllabus by the Court.)

1.  Louisiana Digest, Partnership, Par. 57, 63, 65.

Where A, a member of the partnership of A and B, has been in the habit of purchasing supplies from a dealer for the partnership, places an order with the dealer in the customary way for supplies delivered to and used by a partnership composed of A and C, without advising the dealer of that fact. Held, A will be liable for the full purchase price of the merchandise used by A and C.

(Civil Code, Art. 2870—Editor's Note.)

Appeal from the First City Court, Hon. Henry Renshaw, Judge.

This is a suit to recover the value of building supplies alleged sold and delivered.

Judgment for plaintiff and plaintiff appealed.

Judgment amended and affirmed.

Dart & Dart, L. C. Guidry, attorneys for plaintiff and appellant.

Carbajal & Gaudin, attorneys for defendant and appellee.

WESTERFIELD, J. Plaintiff, a dealer in building materials, sued the partnership of Lopez and Schaeffer, Joseph Lopez and Bernard Schaeffer in solido, for $150.00, the value of certain building supplies alleged to have been sold and delivered to the partnership of Lopez and Schaeffer. The defense is a general denial. There was judgment against Lopez alone for $75.00 and plaintiff alone has appealed. It is admitted that the partnership and Schaeffer's heirs (Schaeffer having died before the trial of the case and his heirs being made parties) were properly dismissed from liability, consequently the only question for us to consider is whether the judgment shall be increased to the amount claimed by plaintiff.

The record shows that Lopez and Schaeffer were partners in the business of building contractors and that the partnership had an account with plaintiff to which they were in the habit of charging purchases of building materials used by them in their business, the orders for such supplies being placed with plaintiff by Lopez. The materials, the price of which is the subject of this suit, were ordered in the usual way by Lopez and charged by plaintiff in the customary manner to Lopez and Schaeffer. They were delivered by instruction of Lopez to the site of a certain building then under construction, referred to in the testimony as the "Russo job". Schaeffer, it appears, had nothing to do with the "Russo job", which was being erected by Lopez in partnership with one Bremmerman under the partnership name of Lopez and Bremmerman. Lopez denies ordering the merchandise, but he denies everything and later admits much that he denies. In fact, his own statement "I haven't got my memory at present" is a charitable explanation of his testimony. Lopez & Bremmerman had no account with plaintiff and no notice was given plaintiff that its merchandise was to be used by or should be charged to Lopez and Bremmerman until some time after the delivery of the goods, when a more or less vague reference to the matter was made to plaintiff's salesman, who testifies that he understood

reference was made to another job and not the "Russo job".

Under the circumstances plaintiff was justified in believing it was dealing with its old customer Lopez and Schaeffer, to whom it had extended credit. Lopez therefore ordered the supplies for the partnership of Lopez and Schaeffer and used them in constructing a building with which that partnership had nothing to do or he ordered them, so far as plaintiff is concerned, upon his own responsibility. In either event he must pay the entire cost. We surmise that the judgment of the trial court is based upon the view that the debt is due by the ordinary partnership of Lopez and Bremmerman, for which Lopez is only liable as an ordinary partner. We cannot assent to this view of the case.

For the reasons assigned the judgment appealed from is amended by increasing the amount awarded plaintiff to $150.00, and in all other respects it is affirmed. Appellee to pay all costs.